IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARONTA T. LEWIS,

        Petitioner,                     No. CIV S-08-2509 EFB P

    vs.

T. FELKER,

        Respondent.              ORDER

_____/

        Petitioner is a state prisoner without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He requests leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). He has made the required showing and his request is granted. However, for the reasons explained below, the court finds that the petition must be dismissed with leave to amend. *See* Rule 4, Rules Governing § 2254 Proceedings.

        A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A judge entertaining a habeas petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The

petition must be dismissed if on initial review the court finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Proceedings. An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested. Rule 2, Rules Governing § 2254 Cases. While under Ninth Circuit precedent, this court must liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

Here, petitioner indicates that he is challenging a sentence imposed by the Solano County Superior Court. He states that he did not appeal from his conviction because he was mentally unstable and agreed to a plea deal because of an incompetent attorney. As grounds for relief, however, petitioner does not reference his Solano County conviction or plea deal, but only complains that the appeals coordinator at his institution is either screening out his inmate appeals, not responding to his appeals, or refusing to restore petitioner's credits. It is not clear if and/or why petitioner has lost credits and whether any loss of credits is related to petitioner's Solano County Superior Court conviction. The petition will be dismissed with leave to amend to file a petition that clearly and simply sets out petitioner's claims and supporting facts. Furthermore, it appears that petitioner's claims, whatever they may be, have not been presented to the California Supreme Court because petitioner indicates that he has not filed any "petitions, applications, or motions with respect this judgment in any court, state or federal." The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir.), *cert. denied*, 478 U.S. 1021 (1986). The petition does not allege facts showing that he has exhausted his claims.

Accordingly, it does not appear that petitioner is entitled to relief. Unless petitioner files an amended petition containing allegations showing that he may be entitled to relief, the petition must summarily be denied.

Accordingly, it is ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* is granted; and

2. Petitioner has 20 days from the date of this order to file an amended petition for a writ of habeas corpus curing the deficiencies identified in this order. The petition must bear the docket number assigned to this action and be styled, "First Amended Petition." The petition must also be complete in itself without reference to any prior petition. Failure to comply with this order will result in a recommendation that the petition be dismissed.

Dated: November 20, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3